## Komanecky's Appeal

88

*Anthony Cavalcante,* for appellant.

*H. Vance Cottom,* district attorney, contra.

DUMBAULD, P. J., April 15, 1940.—The Department of Revenue of the Commonwealth of Pennsylvania issued to Andrew Komanecky, appellant, operator's motor vehicle license no. 531257, for the year 1940.

On November 17, 1939, appellant was operating a Dodge truck, owned by his employer, on route 40. He was traveling east, near Brier Hill, in Fayette County. K. H. Delbrook, a member of the Pennsylvania Motor Police, stopped him and accused him of exceeding the speed limit of 40 miles per hour, the legal rate for trucks.

On January 30, 1940, after notice, appellant had a hearing before a department representative. On February 20, 1940, the department suspended his operating privileges for a period of 90 days.

From this order an appeal was taken to the court of common pleas.

At the hearing on this appeal, the testimony showed that, on the evening of November 17, 1939, appellant was operating a Dodge truck, traveling east on route 40, from Brownsville toward Uniontown. While descending a grade near Brier Hill, appellant was stopped by Patrolman Delbrook and accused of exceeding the speed limit of 40 miles per hour, for trucks. It appears from the testimony that this particular truck was equipped with a governor that limited its capacity for speed to 40 miles per hour on a level road.

On the evening in question, the patrolman followed the truck for some distance and it appears from his testimony that on the level portions of the highway and on the upgrade the truck was operated at a slower rate than

40 miles per hour. Descending the grade into Brier Hill, because of the weight and momentum of the truck, a speed of from 40 to 45 miles per hour was acquired by the truck. There was no other traffic on the highway. No pedestrians were on the road. The operator had complete control of the truck. There were no travel hazards. It was a simple case of a speed of from 40 to 45 miles per hour, accelerated above the governed 40 miles by gravitation, the descent in the road, and the weight of the truck. Appellant admitted in his own testimony that, because of these conditions, the truck descended the grade at a speed which he estimated at 40 to 45 miles per hour. He thus convicted himself of having technically violated the speed limit for trucks.

When accused of thus exceeding the speed limit before a justice of the peace, he likewise admitted the infraction and paid a fine and costs.

At the hearing the trial judge, impressed by the apparent truthfulness of the testimony of appellant, and his readiness to admit the facts, expressed a desire to relieve his condition, if not bound by the findings of the Department of Revenue, and if appellant could be found guilty of a violation of The Vehicle Code of May 1, 1929, P. L. 905, and still be permitted to hold the operator's license.

An examination of the statutes applicable leads to the conclusion that the proceeding before the Department of Revenue constitutes an exercise of the jurisdiction of that official alone, and that the proceeding upon the appeal is entirely de novo. Therein the discretion of the trial court may be exercised independently of the findings of the Department of Revenue. The power conferred upon the Secretary of Revenue to revoke or suspend operating privileges is an administrative and not a judicial function. The function of the court is to proceed judicially.

In the common pleas, on appeal, the hearing de novo requires that court to take testimony and examine into the facts of the case and to determine whether petitioner

is subject to suspension of operator's license under the provisions of The Vehicle Code, supra.

The proceeding is not in the nature of certiorari or review of the action of the Secretary of Revenue to determine whether he has abused his discretion. The duty of the common pleas is to hear the testimony and determine the question as in any other litigation.

Section 615 of The Vehicle Code, as amended by section 2 of the Act of June 22, 1931, P. L. 751, confers jurisdiction upon the Secretary of Revenue to suspend the operating privileges of any person who has committed any violation of the motor vehicle laws of the Commonwealth.

Section 616, as amended by the Act of 1931, grants the right of appeal, from suspension authorized by the department, in this language:

"Section 616. Right of Appeal to Court from Suspension.—Any person, whose operator's license or learner's permit has been suspended by the secretary under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides; and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit under the provisions of this act."

In construing this section, the Supreme Court, in an opinion by Mr. Justice Barnes, in the case of Commonwealth v. Funk, 323 Pa. 390, leaves no doubt as to the jurisdiction and function of the common pleas courts in such appeal.

He says (p. 399) :

"The remaining questions are easily disposed of. In the proceedings in the court below, the question arose

whether the hearing was de novo, or to review the record as it existed when the petition under section 616 of the act was filed in the common pleas court. The section in question affords the answer. It says . . . 'thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit under the provisions of this act.' The language of the section clearly indicates that it is the duty of the court to hear de novo the witnesses of the Commonwealth and the witnesses of the licensee, and, from the testimony taken, to determine anew whether the operator's license should be suspended."

Being thus possessed of jurisdiction to independently appraise the testimony produced and to exercise our discretion in determining the question whether the operator's license should be suspended, we shall follow the inclination suggested at the time of trial and grant the appellant relief from the suspension of his operating privileges.

The testimony discloses that appellant has operated motor vehicles for 16 years without any accidents. He can not transact his daily business without operating a motor vehicle. He has never before been accused of a violation of The Vehicle Code. The violation itself was extremely technical. No possibility of injury to other persons using the highway was involved. He was operating a vehicle mechanically geared to the legal rate of speed. While going down hill he could not suspend the law of gravitation and the weight of his vehicle caused it to go faster than the speed fixed by the governor attached to his vehicle, and faster than the legal rate of trucks on the highway.

On his own statement we can do nothing else than find that he violated The Vehicle Code. A single violation under circumstances such as are here described should not, in our judgment, merit a 90-day suspension. The law itself, in section 615, supra, seems to lean toward leniency in first offenses. One of the conditions under

which the Department of Revenue may suspend is when an operator has been convicted of or forfeited bail upon three charges of reckless driving, all within the preceding 12 months. From this it would seem that the policy of the law itself is toward grace for a first offender.

The offense of this appellant was not like that of an operator who insists on passing another vehicle at the top of a hill in the face of oncoming traffic, where his ability to avoid a wreck depends upon the judgment and thoughtfulness of the operator of the vehicle being passed. It was not like the offense of the operator who persistently drives in the wrong direction upon a highway plainly marked for one-way traffic. It was not like the offense we frequently observe where the operator disregards traffic signals and at a high rate of speed dashes through the red light of danger.

We do not regard this as an intentional violation, fraught with any possibility of danger to other occupants of the highway. For this reason, we will sustain his appeal and void the 90 days' suspension imposed by the Department of Revenue.

### Order of court

Now, April 15, 1940, upon consideration of the testimony presented in the hearing of this appeal, the court finds that appellant in the operation of the motor vehicle in question was guilty of a technical violation of The Vehicle Code, but that such violation was not of such character as to require that the operator's license should be suspended. As a result of these findings, it is ordered and directed that the appeal of Andrew Komanecky be and the same hereby is sustained and the suspension of his operator's license for the period of 90 days, as fixed by the Department of Revenue, be and the same hereby is set aside.

It is further ordered and directed that appellant pay the costs of this proceeding.